IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff*, | |
| vs | Case No 4:16cv257 |
| STELLAR RECOVERY, INC.<br>*Defendant.* | Judge Clark |
| | TRIAL BY JURY DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER
PROTECTION ACT 47 U.S.C. § 227 *et seq.***

**JURISDICTION**

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Stellar Recovery, Inc., (SRI), a debt collection company with offices at 1327 Highway 2 W., Suite 100, Kalispell, MT 59901 which can be served through its registered agent Business Filings Incorporated, 208 N. Broadway, Ste. 313, Billings, MT 59101.

**VENUE**

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On or about November 21, 2014 SRI made the first of 7 calls to Plaintiff's wireless phone number **682-560-1675** from phone numbers 682-730-9168, 682-730-9143 and 855-820-5219 which occurred through December 10, 2014. Upon information and belief said numbers are used by SRI in their debt collection operations.

8. SRI also called Plaintiff's wireless phone number **901-605-6956** on 19 different occasions beginning on or about September 24, 2014 through January 22, 2015 from phone numbers 877-236-5791 and 256-270-2797 which upon information and belief are used by SRI in their debt collection operations.

9. SRI made **at least 26 individual calls** to Plaintiff's wireless phones beginning September 24, 2014 and continuing through January 22, 2015 using ATDS capable equipment.

10. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given.

11. SRI called Plaintiff's wireless phone number 682-560-1675, on the following dates and times:

    1) November 21, 2014 at 9:53 AM;
    2) November 24, 2014 at 11:26 AM;
    3) December 3, 2014 at 10:18 AM;
    4) December 5, 2014 at 9:04 AM;
    5) December 8, 2014 at 9:01 AM;
    6) December 9, 2014 at 12:54 PM;
    7) December 10, 2014 at 10:20 AM.

12. SRI called Plaintiff's wireless phone number 901-605-6956, on the following dates and times:

    1) September 24, 2014 at 12:17 PM;
    2) September 25, 2014 at 3:30 PM;
    3) September 30, 2014 at 1:34 PM;
    4) October 28, 2014 at 1:04 PM;

  5) October 31, 2014 at 2:23 PM;
  6) November 11, 2014 at 4:24 PM;
  7) November 13, 2014 at 11:06 AM;
  8) November 15, 2014 at 12:51 PM;
  9) November 18, 2014 at 11:07 AM;
  10) November 19, 2014 at 5:44 PM;
  11) November 21, 2014 at 1:09 PM;
  12) November 22, 2014 at 11:32 AM;
  13) November 24, 2014 at 12:03 PM;
  14) December 2, 2014 at 3:22 PM;
  15) December 10, 2014 at 5:56 PM;
  16) December 16, 2014 at 8:18 PM;
  17) December 23, 2014 at 4:38 PM;
  18) January 7, 2015 at 5:00 PM;
  19) January 22, 2015 at 7:23 PM.

13. On the several occasions when Plaintiff would answer Defendant's calls Defendant would not say anything and there would be only dead air.

14. On the several occasions when Plaintiff would answer Defendant's calls he stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

15. Plaintiff at or near the time each of the calls was placed to his wireless phones by the Defendant made handwritten notes of all call details including but not limited to the date, time, whether he answered the call and what was said by the caller, if anything, what he said or whether a voicemail message was left.

16. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone numbers using an automatic telephone dialing system (ATDS) and/or an artificial or prerecorded voice.

17. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

18. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

19. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

21. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone numbers.

22. At the times that all of the above identified calls were received on his wireless phones Plaintiff was the subscriber to the called numbers, was the sole person having custody of said phones and paid for the airtime for the called phone numbers.

23. Plaintiff sent a Notice of Intent to Litigate to the Defendant which was received by it on July 27, 2015 in an effort to mitigate damages and settle all claims prior to litigation. No response was received by Plaintiff to said notice. Plaintiff also sent a Notice of Pending Lawsuit with a copy of the complaint attached to the Defendant in a second attempt to mitigate damages and received no response to that communication as well.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff repeats and re-alleges each and every allegation stated above.

32. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227 *et. seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that SRI violated the TCPA 47 U.S.C. § 227 *et. seq.*

b.  Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phones as knowing and/or willful violations;

c.  Awarding Plaintiff any fees and costs incurred in this action;

d.  Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e.  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642